UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH BEALL

                                  Plaintiff,

v.

                                **COMPLAINT AND DEMAND FOR JURY TRIAL**

                                19-CV-_____(____)

CORNING COMMUNITY COLLEGE

                                Defendant

Deborah Beall, by her attorney, Stan Matusz, Esq., as and for her First Complaint, alleges and avers as follows:

### NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to the Plaintiff under the Equal Pay Act, as amended, 29 U.S.C. § 206, et seq. ("EPA") and the New York Achieve Pay Equity Act, as amended, New York Labor Law, § 194 ("NYLL").

### JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 206(d).

3. Pendant jurisdiction of claims arising under § 194 of the New York Labor Law is

also invoked under 28 U.S.C. §1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York by virtue of 28 U.S.C. § 1391, since the allegations contained herein arose in the District, Defendant does business within this District, Defendant employed Plaintiff in this District, Plaintiff resides in this District, and Defendant is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Deborah Beall (hereinafter "Plaintiff" or "Ms. Beall"), is a resident of the State of New York, residing at 3450 Fieldstone Lane, Painted Post, NY 14870 in Steuben County.  Ms. Beall has been employed by Defendant Corning Community College (hereinafter "Defendant" or "the College") from 1997 to date.  Plaintiff is an "employee" of Defendant, as defined under the Equal Pay Act and New York Labor Law.

6. Defendant, Corning Community College, is a public community college of the State University of New York with a principal office located in Corning, New York at 1 Academic Drive, South Corning, NY 14830.

7. Defendant has continuously employed at least fifteen (15) employees and conducted business in the State of New York and the County of Steuben throughout all time frames relevant to this action.

8. Defendant engages in a business that employed Plaintiff, within the definitions of the Fair Labor Standards Act ("FLSA"), Section 203(e), and the New York Labor

Law. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce or the production of good for commerce within the meaning of sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

**FACTUAL BACKGROUND**

9. Plaintiff, Deborah Beall, is a woman.
10. Ms. Beall was hired by Defendant in 1997 at a part-time Adjunct Instructor.
11. In 2004, Ms. Beall became a full-time faculty member of the College.
12. In 2007, Ms. Beall was appointed as an Associate Dean of Instruction for the Professional Studies Division.
13. Since 2007, Ms. Beall has been re-appointed on an annual basis to serve as an Associate Dean of the College.
14. Ms. Beall has a master's degree in counseling psychology and is a nationally certified counselor. During her tenure with the College, she has received excellent performance appraisals and praise. In 2017, Ms. Beall received the SUNY Chancellor's Award in Professional Services.
15. In 2017, Ms. Beall became aware that the College was paying male Associate Deans significantly higher salaries than herself and the other female Associate Dean.
16. Beginning in April 2017, and continuing to date, Ms. Beall has requested that the College remedy the blatant pay disparity between male and female Associate Deans.

17. On April 29, 2017, the College gave Ms. Beall an "equity adjustment" in the amount of $8,433.  The purported reason for the salary increase was to *"bring Ms. Beall's annual rate of pay to $89,758, which is more in line with the annual rates of pay for the College's other two [male] Associate Deans of Instruction."*  However, the increase did not alleviate the remarkable disparity in pay between the genders.  In addition, the College did not award Ms. Beall any back pay.

18. In the fall of 2018, Ms. Beall again brought the pay inequity between male and female Associate Deans to the College's attention.  However, the Defendant College has done nothing further to eliminate this disparity.

19. The College currently has four Associate Dean positions.  Two Associate Dean positions are held by males; the other two Associate Deans positions are held by females.

20. Ms. Beall's current annual salary is $93,386.

21. One male Associate Dean of the College (hereinafter "Male AD #1") is paid an annual salary of $137,008 (as of September 2018).

22. The College pays Male AD #1 $43,622 more in annual salary than Ms. Beall.

23. In percentage terms, the College pays Male AD #1 46.7% more in annual salary than Ms. Beall.

24. The College pays the second male Associate Dean (hereinafter "Male AD #2") an annual salary of $115,628 (as of September 2018).

25. The College pays Male AD #2 $22,242 more in annual salary than Ms. Beall.

26. In percentage terms, the College pays Male AD #2 23.8% more in annual salary than Ms. Beall.

27. The College's other female Associate Dean, Jacquelyn Van Brunt, is paid an annual salary of $84,487.

28. The College pays Male AD #1 $52,521 more in annual salary than Ms. Van Brunt.

29. In percentage terms, the College pays Male AD #1 62.2% more in annual salary than Ms. Van Brunt.

30. The College pays Male AD #2 $31,141 more in annual salary than Ms. Van Brunt.

31. In percentage terms, the College pays Male AD #2 36.9% more in annual salary than Ms. Van Brunt.

32. Each of the College's four Associate Deans performs substantially equal work that requires equal skill, effort and responsibility under similar working conditions.

33. Each Associate Dean position reports directly to the College's Provost, and each position shares common job duties.

34. Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math. This position has responsibility for six (6) reporting areas within the College.

35. Male AD #2 is Associate Dean for Math Humanities and Social Sciences. This position has responsibility for five (5) reporting areas within the College.

36. Plaintiff Beall is the Associate Dean for Professional Studies. This position has responsibility for ten (10) reporting areas within the College.

37. Jacquelyn Van Brunt (female) is the Associate Dean for Student Development and Enrollment Management. This position has responsibility for six (6) reporting areas within the College.

38. Each Associate Dean position is classified by the College in the same professional Service Grade ("Grade 209").

39. According to the College's "Professional Service Grade Order List," the purported current salary range for the Associate Dean Position is between $64,925 and $108,207.

40. Plaintiff Beall's salary of $93,386 and Ms. Van Brunt's salary of $84,487 fall within the range set forth by the College in its "Professional Service Grade Order List."

41. However, in contrast to the salaries paid to female Associate Deans, the salaries paid to male Associate Dean of $137,008 and $115,628 (as of September 2018) are well above the maximum salaries set forth in the College's "Professional Service Grade Order List."

42. In the Fall of 2018, Plaintiff Beall again complained about the gender-based pay inequity to the College's President and its Human Resources Director.  In this meeting, Plaintiff indicated that if she did not get a resolution on the gender-based pay disparity, she would file a Charge with the Equal Employment Opportunity Commission.

43. Almost immediately after making this complaint, the College purposefully retaliated against Plaintiff Beall.  Specifically, Defendant's Human Resources Department validated an unfounded retaliation complaint that was levied against Ms. Beall by another College employee.  Human Resources validated this retaliation complaint despite the fact that Ms. Beall coordinated with, and acted under the direct guidance of, the Human Resources Department in conducting an investigation that had exonerated this other College employee from wrongdoing.

**AS AND FOR A FIRST CAUSE OF ACTION: EQUAL PAY ACT – UNLAWFUL WAGE DISCRIMINATION BASED ON SEX**

44. Plaintiff realleges the above paragraphs as if fully restated herein.

45. At all relevant times, Plaintiff and the Defendant's male Associate Deans performed substantially equal work that requires equal skill, effort and responsibility.

46. At all relevant times, Plaintiff performed work under conditions similar to male Associate Deans.

47. By and through the course of conduct as alleged above, Defendant has and is willfully violating the Equal Pay Act, as amended, 29 U.S.C. § 206, by paying Plaintiff, a female, less than what it pays male Associate Deans.

48. As a direct consequence thereof, Defendant withheld, and continues to withhold, the payment of wages, benefits and bonuses due to Plaintiff.

49. The foregoing conduct of Defendant was and is willful.

50. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

51. Plaintiff is further entitled to liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward.

### AS AND FOR A SECOND CAUSE OF ACTION: NEW YORK ACHIEVE PAY EQUITY ACT – WAGE DISCRIMINATION BASED ON SEX AND GENDER

52. Plaintiff realleges the above paragraphs as if fully restated herein.

53. At all relevant times, Plaintiff and the Defendant's male Associate Deans performed substantially equal work that requires equal skill, effort and responsibility.

54. At all relevant times, Plaintiff performed work under conditions similar to male Associate Deans.

55. By and through the course of conduct as alleged above, Defendant has and is willfully violating the New York Achieve Pay Equity Act (New York Labor Law § 194) by paying Plaintiff, a female, less than what it pays male Associate Deans.

56. As a direct consequence thereof, Defendant withheld, and continues to withhold,

the payment of wages, benefits and bonuses due to Plaintiff.

57. The foregoing conduct of Defendant was and is willful.

58. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

59. Plaintiff is further entitled to liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward.

### AS AND FOR A THIRD CAUSE OF ACTION: EQUAL PAY ACT – UNLAWFUL RETALIATION

60. Plaintiff realleges the above paragraphs as if fully restated herein.

61. Plaintiff engaged in protected activity by raising complaints of gender-based wage disparities.

62. By and through the course of conduct as alleged above, Defendant willfully violated the Equal Pay Act, as amended, 29 U.S.C. § 206, by retaliating against Plaintiff for engaging in protected activity.

63. The foregoing conduct of Defendant was and is willful.

64. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION: NEW YORK LABOR LAW – UNLAWFUL RETALIATION

65. Plaintiff realleges the above paragraphs as if fully restated herein.

66. Plaintiff engaged in protected activity by raising complaints of gender-based wage disparities.

67. By and through the course of conduct as alleged above, Defendant willfully violated the New York Labor Law by retaliating against Plaintiff for engaging in protected

activity.

68. The foregoing conduct of Defendant was and is willful.

69. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in her favor and award the following relief:

    a. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward, under the Equal Pay Act;

    b. Liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses under the Equal Pay Act from July 23, 2016 forward;

    c. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward, under Section 194 of the New York Labor Law;

    d. Liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses under the New York Labor Law from July 23, 2013 forward;

    e. An award of compensatory damages for the Defendant's unlawful retaliation against Plaintiff in violation of the Equal Pay Act;

    f. An award of An award of compensatory damages for the Defendant's unlawful retaliation against Plaintiff in violation of the New York Labor Law;

    g. An award of reasonable attorneys' fees, costs, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiff;

    h. An award of pre and post judgment interest;

    i. Granting such additional relief as this Court deems just and proper.

Dated: Ithaca, New York
July 23, 2019

/s/Stan Matusz
Stan Matusz, Esq.
*Attorney for Plaintiff*
29 Murfield Drive
Ithaca, NY 14850
Telephone: 607-319-5513
stanmatusz@gmail.com