UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH BEALL,

                      Plaintiff,           **ANSWER**

                      v.

CORNING COMMUNITY COLLEGE,         **Index No. 6:19-cv-06548**

                      Defendant.

Defendant Corning Community College by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appear and answer the Complaint as follows:

1. ADMITS that in her Complaint, Plaintiff seeks monetary damages and asserts purported claims under the Equal Pay Act, the New York Achieve Pay Equity Act, and the New York Labor Law, but otherwise DENIES the truth of the factual allegations contained in Paragraph 1 of the Complaint.

2. ADMITS that in her Complaint, Plaintiff states that this Court has subject matter jurisdiction over this case under a series of statutes, but DENIES the truth of the factual allegations contained in Paragraph 2 of the Complaint and respectfully refers all questions of law to the Court.

3. DENIES the truth of the factual allegations contained in Paragraph 3 of the Complaint and respectfully refers all questions of law to the Court.

4. ADMITS the truth of the factual allegations contained in Paragraph 4 of the Complaint, except DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 regarding the location of Plaintiff's current residence and respectfully refers all questions of law to the Court.

5. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 regarding the location of Plaintiff's current residence, ADMITS that Plaintiff works as an Associate Dean at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 5 of the Complaint and respectfully refers all questions of law to the Court.

6. ADMITS the truth of the factual allegations contained in Paragraph 6 of the Complaint.

7. ADMITS the truth of the factual allegations contained in Paragraph 7 of the Complaint, and respectfully refers all questions of law to the Court.

8. ADMITS that Plaintiff works as an Associate Dean at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 8 of the Complaint and respectfully refers all questions of law to the Court.

9. Upon information and belief, ADMITS the truth of the factual allegations contained in Paragraph 9 of the Complaint.

10. ADMITS the truth of the factual allegations contained in Paragraph 10 of the Complaint.

11. ADMITS that Plaintiff became an instructor at the College.

12. ADMITS the truth of the factual allegations contained in Paragraph 12 of the Complaint.

13. DENIES the truth of the factual allegations contained in Paragraph 13 of the Complaint.

14. ADMITS that Plaintiff represented to the Defendant that she holds a master's degree in counseling psychology and is a nationally certified counselor and that she received the

2017 SUNY Chancellor's Award in Professional Services, but otherwise DENIES the truth of the factual allegations contained in Paragraph 14 of the Complaint.

15. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 15 regarding when Plaintiff acquired certain knowledge or beliefs.

16. ADMITS that Plaintiff complained about the level of her compensation internally in 2017 and in 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 16 of the Complaint and respectfully refers all questions of law to the Court.

17. ADMITS that Defendant increased Plaintiff's salary to $89,758 effective April 29, 2017, ADMITS that the Personnel Committee issued a resolution for this increase, which speaks for itself, but otherwise DENIES the truth of the factual allegations contained in Paragraph 17 of the Complaint and respectfully refers all questions of law to the Court.

18. ADMITS that Plaintiff contacted Katherine Douglas, Leon Fisher and Connie Park regarding her compensation level in October 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 18 of the Complaint and respectfully refers all questions of law to the Court.

19. DENIES the truth of the factual allegations contained in Paragraph 19 of the Complaint.

20. DENIES the truth of the factual allegations contained in Paragraph 20 of the Complaint.

21. ADMITS that Male AD #1 received an annual salary of $137,008 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 21 of the Complaint.

22. DENIES the truth of the factual allegations contained in Paragraph 22 of the Complaint.

23. DENIES the truth of the factual allegations contained in Paragraph 23 of the Complaint.

24. ADMITS that Male AD #2 received an annual salary of $115,628 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 24 of the Complaint.

25. DENIES the truth of the factual allegations contained in Paragraph 25 of the Complaint.

26. DENIES the truth of the factual allegations contained in Paragraph 26 of the Complaint.

27. DENIES the truth of the factual allegations contained in Paragraph 27 of the Complaint.

28. DENIES the truth of the factual allegations contained in Paragraph 28 of the Complaint.

29. DENIES the truth of the factual allegations contained in Paragraph 29 of the Complaint.

30. DENIES the truth of the factual allegations contained in Paragraph 30 of the Complaint.

31. DENIES the truth of the factual allegations contained in Paragraph 31 of the Complaint.

32. DENIES the truth of the factual allegations contained in Paragraph 32 of the Complaint.

33. DENIES the truth of the factual allegations contained in Paragraph 33 of the Complaint.

34. ADMITS that Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math, but otherwise DENIES the truth of the factual allegations contained in Paragraph 34 of the Complaint.

35. ADMITS that Male AD #2 is the Associate Dean for Humanities and Social Sciences, but otherwise DENIES the truth of the factual allegations contained in Paragraph 35 of the Complaint.

36. ADMITS that Plaintiff is the Associate Dean for Professional Studies, but otherwise DENIES the truth of the factual allegations contained in Paragraph 36 of the Complaint.

37. DENIES the truth of the factual allegations contained in Paragraph 37 of the Complaint.

38. ADMITS that the Associate Dean of Instruction, the Associate Dean, Administrative Services, and Associate Dean, Enrollment Management are listed in Pay Grade 209 under Defendant's Compensation Structures and Pay Procedures, but otherwise DENIES the truth of the factual allegations contained in Paragraph 38 of the Complaint.

39. ADMITS that the Class Min for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018 is $64,925 and the Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018 is $108,207, but otherwise DENIES the truth of the factual allegations contained in Paragraph 39 of the Complaint.

40. ADMITS that Deborah Beall and Plaintiff's salaries from September 2019 fall between the Class Min and Class Max for Pay Grade 209 on the Professional Service Grade

Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 40 of the Complaint.

41. ADMITS that the salaries for Male AD #1 and #2 as of September 2018 are higher than the Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 41 of the Complaint.

42. ADMITS that Deborah Beall complained about the level of her compensation internally in Fall 2018, ADMITS that some of her communications were e-mailed to the President and Executive Director of Human Resources, and otherwise DENIES the truth of the factual allegations contained in Paragraph 42 of the Complaint.

43. DENIES the truth of the factual allegations contained in Paragraph 43 of the Complaint.

44. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 44 of the Complaint.

45. DENIES the truth of the factual allegations contained in Paragraph 45 of the Complaint.

46. DENIES the truth of the factual allegations contained in Paragraph 46 of the Complaint.

47. DENIES the truth of the factual allegations contained in Paragraph 47 of the Complaint.

48. DENIES the truth of the factual allegations contained in Paragraph 48 of the Complaint.

49. DENIES the truth of the factual allegations contained in Paragraph 49 of the Complaint.

50. DENIES the truth of the factual allegations contained in Paragraph 50 of the Complaint.

51. DENIES the truth of the factual allegations contained in Paragraph 51 of the Complaint.

52. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 52 of the Complaint.

53. DENIES the truth of the factual allegations contained in Paragraph 53 of the Complaint.

54. DENIES the truth of the factual allegations contained in Paragraph 54 of the Complaint.

55. DENIES the truth of the factual allegations contained in Paragraph 55 of the Complaint.

56. DENIES the truth of the factual allegations contained in Paragraph 56 of the Complaint.

57. DENIES the truth of the factual allegations contained in Paragraph 57 of the Complaint.

58. DENIES the truth of the factual allegations contained in Paragraph 58 of the Complaint.

59. DENIES the truth of the factual allegations contained in Paragraph 59 of the Complaint.

60. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 60 of the Complaint.

61. ADMITS that Plaintiff complained about the level of her compensation internally, but otherwise DENIES the truth of the factual allegations contained in Paragraph 61 of the Complaint and respectfully refers all questions of law to the Court.

62. DENIES the truth of the factual allegations contained in Paragraph 62 of the Complaint.

63. DENIES the truth of the factual allegations contained in Paragraph 63 of the Complaint.

64. DENIES the truth of the factual allegations contained in Paragraph 64 of the Complaint.

65. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 65 of the Complaint.

66. ADMITS that Plaintiff complained about the level of her compensation internally, but otherwise DENIES the truth of the factual allegations contained in Paragraph 66 of the Complaint and respectfully refers all questions of law to the Court.

67. DENIES the truth of the factual allegations contained in Paragraph 67 of the Complaint.

68. DENIES the truth of the factual allegations contained in Paragraph 68 of the Complaint.

69. DENIES the truth of the factual allegations contained in Paragraph 69 of the Complaint.

70. DENIES that Plaintiff is entitled to any of the relief demanded in the Complaint sections (a) through (i).

71. DENIES each and every allegation not specifically and expressly admitted herein to be true.

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against Defendant.

### SECOND DEFENSE

Defendant did not and is not willfully violating the Equal Pay Act, the New York Achieve Pay Equity Act and/or the New York Labor Law.

### THIRD DEFENSE

Defendant has acted in a good faith belief that it had been and is complying with all applicable provisions of the Equal Pay Act, the New York Achieve Pay Equity Act and/or New York Labor Law.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Any differential in pay between Plaintiff and Male AD #1 and #2 was based on a seniority system, a merit system, a system that measures quantity or quality of production, a bona fide factor other than sex, and/or a factor other than sex.

### SIXTH DEFENSE

Plaintiff did not perform equal work requiring equal skill, effort and responsibility as Male AD #1 and #2.

**SEVENTH DEFENSE**

Plaintiff did not perform her job under similar working conditions as Male AD #1 and #2.

**EIGHTH DEFENSE**

Plaintiff's demand for a jury trial is improper to the extent it seeks a jury trial of any issues not properly submitted to a jury.

**NINTH DEFENSE**

Plaintiff's claims are barred under the doctrines of estoppel, laches, and/or unclean hands.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent they must be brought in arbitration and cannot be brought in this or any other court.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend or further plead any other defenses applicable to any and all counts.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, with Defendant's recovering its expenses incurred herein, including costs and attorneys' fees to the extent legally permitted, and any such other relief this Court deems just and proper.

DATED:  September 25, 2019    BOND, SCHOENECK & KING, PLLC

　　　　　　　　　　　　　　　　　　/s/ Katherine S. McClung
By:    Katherine S. McClung
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  585.362.4700
*Attorneys for the Defendant*