UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH BEALL

                                                Plaintiff,

v.

                                                            **FIRST AMENDED
                                                            COMPLAINT AND
                                                            DEMAND FOR JURY
                                                            TRIAL**

                                                            19-CV-6548(MAT)

CORNING COMMUNITY COLLEGE

                                                Defendant.

---

Deborah Beall, by her attorney, Stan Matusz, Esq., as and for her First Complaint, alleges and avers as follows:

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to the Plaintiff under the Equal Pay Act, as amended, 29 U.S.C. § 206, et seq. (hereinafter "EPA"), the New York Labor Law, § 194 (hereinafter "NYLL"), Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000, et seq. (hereinafter "Title VII"), and the New York Human Rights Law, §296 N.Y. Executive Law ("NYHRL").

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of

Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 206(d).

3. Pendant jurisdiction of claims arising under § 194 of the New York Labor Law and § 296 of the New York Human Right Law is also invoked under 28 U.S.C. §1367 because those claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York by virtue of 28 U.S.C. § 1391, since the allegations contained herein arose in the District, Defendant does business within this District, Defendant employed Plaintiff in this District, Plaintiff resides in this District, and Defendant is subject to personal jurisdiction in this District.

5. Plaintiff has satisfied all applicable administrative prerequisites for filing this action under Title VII and the NYHRL, including: the timely and dual filing of a Charge on March 22, 2019 with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"), the receipt of a Right to Sue Letter from the EEOC, dated September 19, 2019, and the filing of the instant First Amended Complaint within ninety (90) days of receipt of the latter.

**PARTIES**

6. Plaintiff, Deborah Beall (hereinafter "Plaintiff" or "Ms. Beall"), is a resident of the State of New York, residing at 3450 Fieldstone Lane, Painted Post, NY 14870 in Steuben County.  Ms. Beall has been employed by Defendant Corning Community College (hereinafter "Defendant" or "the College") from 1997 to date.  Plaintiff is an

"employee" of Defendant, as defined under the Equal Pay Act, New York Labor Law, Title VII and the NYHRL.

7. Defendant, Corning Community College, is a public community college of the State University of New York with a principal office located in Corning, New York at 1 Academic Drive, South Corning, NY 14830.

8. Defendant has continuously employed at least fifteen (15) employees and conducted business in the State of New York and the County of Steuben throughout all time frames relevant to this action.

9. Defendant engages in a business that employed Plaintiff, within the definitions of the Fair Labor Standards Act ("FLSA"), Section 203(d), the New York Labor Law, Title VII and the NYHRL.  At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce or the production of goods for commerce within the meaning of sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

**FACTUAL BACKGROUND**

10. Plaintiff, Deborah Beall, is a woman.

11. Ms. Beall was hired by Defendant in 1997 at a part-time Adjunct Instructor.

12. In 2004, Ms. Beall became a full-time faculty member of the College.

13. In 2007, Ms. Beall was appointed as an Associate Dean of Instruction for the Professional Studies Division.

14. Since 2007, Ms. Beall has been re-appointed on an annual basis to serve as an Associate Dean of the College.

15. Ms. Beall has a master's degree in counseling psychology and is a nationally certified counselor.  During her tenure with the College, she has received excellent performance appraisals and praise.  In 2017, Ms. Beall received the SUNY Chancellor's Award in Professional Services.

16. In 2017, Ms. Beall became aware that the College was paying male Associate Deans significantly higher salaries than herself and the other female Associate Deans who performed substantially equal work on jobs requiring equal skill, effort and responsibility.

17. Beginning in April 2017, and continuing to date, Ms. Beall has requested that the College remedy the blatant pay disparity between male and female Associate Deans.

18. On April 29, 2017, the College gave Ms. Beall an "equity adjustment" in the amount of $8,433.  The purported reason for the salary increase was to *"bring Ms. Beall's annual rate of pay to $89,758, which is more in line with the annual rates of pay for the College's other two [male] Associate Deans of Instruction."*  However, the increase did not alleviate the remarkable disparity in pay between the genders.  In addition, the College did not award Ms. Beall any back pay.

19. In the fall of 2018, Ms. Beall again brought the pay inequity between male and female Associate Deans to the College's attention.  However, the College has not done anything to eliminate this disparity.

20. At the time the Original Complaint was filed in this matter, the College had four Associate Dean positions.  Two Associate Dean positions were held by males; the other two Associate Dean positions were held by females.

21. Ms. Beall's annual salary was $93,386 as of September, 2018.

22. One male Associate Dean of the College (hereinafter "Male AD #1") had an annual salary of $137,008 as of September, 2018.

23. As of September, 2018, the College paid Male AD #1 $43,622 more in annual salary than Ms. Beall.

24. In percentage terms, the College paid Male AD #1 46.7% more in annual salary than Ms. Beall (as of September, 2018).

25. The College paid the other male Associate Dean (hereinafter "Male AD #2") $115,628 as of September, 2018.

26. As of September, 2018, the College paid Male AD #2 $22,242 more in annual salary than Ms. Beall.

27. In percentage terms, the College paid Male AD #2 23.8% more in annual salary than Ms. Beall (as of September, 2018).

28. As of September, 2018, the College's other female Associate Dean, Jacquelyn Van Brunt, was paid an annual salary of $84,487.

29. The College paid Male AD #1 $52,521 more in annual salary than Ms. Van Brunt as of September, 2018.

30. In percentage terms, the College paid Male AD #1 62.2% more in annual salary than Ms. Van Brunt (as of September, 2018).

31. The College paid Male AD #2 $31,141 more in annual salary than Ms. Van Brunt as of September, 2018.

32. In percentage terms, the College paid Male AD #2 36.9% more in annual salary than Ms. Van Brunt (as of September, 2018).

33. Each of the College's Associate Deans perform/performed substantially equal work that requires/required substantially equal skill, effort and responsibility under similar working conditions.

34. Each of the College's Associate Deans perform/performed substantially similar work, when viewed as a composite of skill, effort, and responsibility, under similar working conditions.

35. Each Associate Dean reports/reported directly to the College's Provost, and each position shares/shared common job duties and content.

36. Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math. This position has responsibility for six (6) reporting areas within the College.

37. Male AD #2 is Associate Dean for Math Humanities and Social Sciences.  This position has responsibility for five (5) reporting areas within the College.

38. Plaintiff Beall is the Associate Dean for Professional Studies.  This position has responsibility for ten (10) reporting areas within the College.

39. Until her resignation on August 9, 2018, Associate Dean Van Brunt (female) was the Associate Dean for Student Development and Enrollment Management.  This position had responsibility for six (6) reporting areas within the College.

40. Each Associate Dean position is/was classified by the College in the same professional Service Grade (Grade 209).

41. According to the College's "Professional Service Grade Order List," the current purported salary range for the Associate Dean Position is between $64,925 and $108,207.

42. Plaintiff Beall's salary of $93,386 and Ms. Van Brunt's salary of $84,487 fell within the range set forth by the College in its "Professional Service Grade Order List."

43. However, and in contrast to the salaries of the female Associate Deans, the male Associate Dean salaries of $137,008 and $115,628 (as of September 2018) were well above the maximum salaries set forth in the College's "Professional Service Grade Order List."

44. In the Fall of 2018, Plaintiff Beall again complained about the pay inequity to the College's President and the College's Human Resources Director.  In this meeting, Plaintiff indicated that if she did not get a resolution on the gender-based pay disparity, she would file a Charge with the Equal Employment Opportunity Commission.

45. Almost immediately after making this complaint, the College purposefully retaliated against Plaintiff Beall.  Specifically, Defendant's Human Resources Department validated an unfounded retaliation complaint that was levied against Ms. Beall by another College employee.  Human Resources validated this retaliation complaint despite the fact that Ms. Beall coordinated with, and acted under the direct guidance of, the Human Resources Department in conducting an investigation that had exonerated this other College employee from wrongdoing.

46. On March 22, 2019, Ms. Beall filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A, asserting violations of the Equal Pay Act, Title VII and the New York Human Rights Law against the College.

47. On September 19, 2019, the EEOC issued a Dismissal and Notice of Rights Letter to Ms. Beall attached hereto as Exhibit B.


## AS AND FOR A FIRST CAUSE OF ACTION:
## EQUAL PAY ACT – UNLAWFUL WAGE DISCRIMINATION BASED ON SEX

48. Plaintiff realleges the above paragraphs as if fully restated herein.

49. At all relevant times, Plaintiff and Defendant's male Associate Deans performed substantially equal work that required equal skill, effort and responsibility.

50. At all relevant times, Plaintiff performed work under conditions similar to male Associate Deans.

51. By and through the course of conduct as alleged above, Defendant has and is willfully violating the Equal Pay Act, as amended, 29 U.S.C. § 206, by paying Plaintiff, a female, less than what it pays male Associate Deans.

52. As a direct consequence thereof, Defendant withheld, and continues to withhold the payment of wages benefits and bonuses due to Plaintiff.

53. The foregoing conduct of Defendant was and is willful.

54. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

55. Plaintiff is further entitled to liquidated damages of 100% of lost wages, benefits and bonuses and other monetary losses from July 23, 2016, forward.

## AS AND FOR A SECOND CAUSE OF ACTION:
## NYLL SECTION 194 – WAGE DISCRIMINATION BASED ON SEX AND GENDER

56. Plaintiff realleges the above paragraphs as if fully restated herein.

57. At all relevant times, Plaintiff and Defendant's male Associate Deans performed substantially equal work that required equal skill, effort and responsibility and/or similar work as a composite of skill, effort and responsibility.

58. At all relevant times, Plaintiff performed work under conditions similar to Defendant's male Associate Deans.

59. By and through the course of conduct as alleged above, Defendant has and is willfully violating the New York Achieve Pay Equity Act, New York Labor Law § 194, as amended, by paying Plaintiff, a female, less than what it pays male

Associate Deans.

60. As a direct consequence thereof, Defendant withheld, and continues to withhold, the payment of wages, benefits and bonuses due to Plaintiff.

61. The foregoing conduct of Defendant was and is willful.

62. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

63. Plaintiff is further entitled to liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward.


**AS AND FOR A THIRD CAUSE OF ACTION:**
**TITLE VII – UNLAWFUL DISCRIMINATION BASED ON SEX**

64. Plaintiff realleges the above paragraphs as if fully restated herein.

65. By and through the course of conduct alleged above, Defendant discriminated against Plaintiff Beall on the basis of her gender, in violation of Title VII.

66. Plaintiff is a female, was qualified and satisfactorily performing her duties, and suffered an adverse employment action (lower pay) under circumstances giving rise to an inference of gender discrimination.

67. As a direct and proximate result of Defendant's discrimination in violation of Title VII, Plaintiff Beall suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to monetary damages and other relief.

68. As a direct and proximate of Defendant's unlawful discrimination in violation of Title VII, Plaintiff Beall suffered and continues to suffer, economic harm for which she is entitled to back pay, front pay and/or other relief.

69. The foregoing conduct of Defendant constitutes willful violations of Title VII for which Plaintiff is entitled to punitive damages.

70. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action and further legal and equitable relief as may be appropriate under Title VII.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## NYHRL – UNLAWFUL DISCRIMINATION BASED ON SEX

71. Plaintiff realleges the above paragraphs as if fully restated herein.

72. By and through the course of conduct alleged above, Defendant discriminated against Plaintiff Beall on the basis of her gender, in violation of the NYHRL.

73. Plaintiff is a female, was qualified and satisfactorily performing her duties, and suffered an adverse employment action (lower pay) under circumstances giving rise to an inference of gender discrimination.

74. As a direct and proximate result of Defendant's discrimination in violation of the NYHRL, Plaintiff Beall suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to monetary damages and other relief.

75. As a direct and proximate of Defendant's unlawful discrimination in violation of the NYHRL, Plaintiff Beall suffered and continues to suffer, economic harm for which she is entitled to back pay, front pay and/or other relief.

76. The foregoing conduct of Defendant constitutes willful violations of the NYHRL for which Plaintiff is entitled to punitive damages.

77. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of

this action, and further legal and equitable relief as may be appropriate under the NYHRL.

## AS AND FOR A FIFTH CAUSE OF ACTION: TITLE VII – UNLAWFUL RETALIATION

78. Plaintiff realleges the above paragraphs as if fully restated herein.

79. Plaintiff engaged in protected activity by raising complaints of gender discrimination.

80. By and through the course of conduct as alleged above, Defendant has and is willfully violating Title VII by retaliating against Plaintiff for engaging in protected activity.

81. The foregoing conduct of Defendant was and is willful.

82. As a direct and proximate result of the Defendants' retaliation, against Plaintiff in violation of Title VII, Plaintiff Beall has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to monetary damages and other relief.

83. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action, and further legal and equitable relief as may be appropriate under Title VII.

## AS AND FOR A SIXTH CAUSE OF ACTION: EQUAL PAY ACT – UNLAWFUL RETALIATION

84. Plaintiff realleges the above paragraphs as if fully restated herein.

85. Plaintiff engaged in protected activity by raising complaints of gender-based wage disparities.

86. By and through the course of conduct as alleged above, Defendant has and is

willfully violating the Equal Pay Act, as amended, 29 U.S.C. § 206, by retaliating against Plaintiff for engaging in protected activity.

87. The foregoing conduct of Defendant was and is willful.

88. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION: NYLL – UNLAWFUL RETALIATION

89. Plaintiff realleges the above paragraphs as if fully restated herein.

90. Plaintiff engaged in protected activity by raising complaints of gender-based wage disparities.

91. By and through the course of conduct as alleged above, Defendant has and is willfully violating the New York Labor Law by retaliating against Plaintiff for engaging in protected activity.

92. The foregoing conduct of Defendant was and is willful.

93. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: NYHRL – UNLAWFUL RETALIATION

94. Plaintiff realleges the above paragraphs as if fully restated herein.

95. Plaintiff engaged in protected activity by raising complaints of gender discrimination.

96. By and through the course of conduct as alleged above, Defendant has and is willfully violating the NYHRL by retaliating against Plaintiff for engaging in protected activity.

97. The foregoing conduct of Defendant was and is willful.

98. As a direct and proximate result of the Defendants' retaliation, against Plaintiff in violation of the NYHRL, Plaintiff Beall has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to monetary damages and other relief.

99. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action and further legal and equitable relief as may be appropriate under the NYHRL.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in her favor and award the following relief:

a. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward, under the Equal Pay Act;

b. An award of liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses under the Equal Pay Act from July 23, 2016 forward;

c. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward, under Section 194 of the New York Labor Law;

d. An award of liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses under the New York Labor Law from July 23, 2013 forward;

e. An award of compensatory and punitive damages under Title VII, which

include an award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from May 22, 2018 forward;

f.  An award of compensatory damages under the NYHRL, which include an award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from March 22, 2016 forward;

g.  An award of compensatory damages for the Defendant's unlawful retaliation against Plaintiff in violation of the Equal Pay Act;

h.  An award of compensatory and punitive damages for the Defendant's unlawful retaliation against Plaintiff in violation of the New York Labor Law;

i.  An award of compensatory and punitive damages for the Defendant's unlawful retaliation against Plaintiff in violation of Title VII;

j.  An award of compensatory and punitive damages for the Defendant's unlawful retaliation against Plaintiff in violation of the NYHRL;

k.  An award of reasonable attorneys' fees, costs, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiff;

l.  An award of pre and post judgment interest;

m.  Granting such additional relief as this Court deems just and proper.


Dated:        Ithaca, New York                    /s/Stan Matusz
              October 16, 2019                     Stan Matusz, Esq.
                                                   *Attorney for Plaintiff*
                                                   29 Murfield Drive
                                                   Ithaca, NY 14850
                                                   Telephone: 607-319-5513
                                                   stanmatusz@gmail.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2019-00399 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mrs. Deborah Beall** | **(607) 329-7926** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **3450 Fieldstone Lane, Painted Post, NY 14870** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CORNING COMMUNITY COLLEGE** | **101 - 200** | **(607) 962-9011** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1 Academic Drive, South Corning, NY 14830** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER *(Specify)*  **Equal Pay**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**03-06-2019**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am female. Because of this I have been discriminated against.

I began my employment with the above-named college in 1997, as a part-time Adjunct Instructor. In 2004, I became a full-time faculty member. I have held my current position, Associate Dean of Instruction of the Professional Studies Division, since August 2007. I have a master's degree in Counseling Psychology and am a nationally certified counselor. My work performance has been praised and I received the SUNY Chancellor's Award in Professional Services in 2017. I have received excellent performance evaluations.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | *** *Michell A Krossber* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>X |
| 3-22-19   x *[signature]*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE March 22 21<br>*(month, day, year)*<br>Michell A. Krossber - Notary Public<br>State of New York - Steuben County<br>No. 01KR6220763 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 525-2019-00399 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Upon information and belief, male Associate Deans employed by the college are paid more than female Associate Deans, despite the tenure, education, experience and responsibilities of these female Associate Deans. For example, as of 2016, I was earning approximately 40% less than a similarly-situated male Associate Dean.

Beginning in April 2017 and continuing, I have requested that my employer address the pay disparity between male Associate Deans and female Associate Deans at the college.

In May 2017, I was given an "equity raise". However, this raise did not eliminate the pay disparity between me and other male Associate Deans. Additionally, upon information and belief, at least one other female Associate Dean has not received any equity raise and is the lowest paid Associate Dean.

Because of this, in the fall 2018, I again brought the inequity in pay between male and female Associate Deans to my employer's attention. During a meeting with President Kate Douglas and Human Resources Director Connie Park, I indicated that if I did not get a resolution, I would file a charge with the EEOC.

I do not believe that my employer has taken any action since Fall 2018 to address my complaint or correct the pay disparity between male and female Associate Deans.

Because I indicated that I would be filing a charge with the EEOC, I have been retaliated against. Specifically, I believe that Human Resources has engaged in a course of conduct for alienating my direct reports. Human Resources' conduct has resulted in an unfounded complaint against me by an employee I supervise.

Based on the above, I believe that I have been discriminated against because of sex in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act and other applicable Federal, state and local anti-discrimination statutes. I further believe that I have been retaliated against in violation of these statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

X

Date          Charging Party Signature

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2019-00399 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3-22-19    X _____

Date    Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

\*\*\* *Michell A Krossber*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE March 22, 21
(*month, day, year*)

Michell A. Krossber - Notary Public
State of New York - Steuben County
No. 01KR6220763
Commission Expires 04/26/20 22

# EXHIBIT B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  Deborah Beall
3450 Fieldstone Lane
Painted Post, NY 14870

From:  Buffalo Local Office
300 Pearl Street
Suite 450
Buffalo, NY 14202

[ ]  On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2019-00399 | Jean E. Mulligan, Investigator | (716) 431-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]  Other *(briefly state)*          **Charging Party is pursuing claims in court**

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John E. Thompson,
Local Office Director

SEP 1 9 2019

*(Date Mailed)*

Enclosures(s)

cc:
Connie Park
Human Resources Director
CORNING COMMUNITY COLLEGE
1 Academic Drive
South Corning, NY 14830

Stan Matusz, Esq.
29 Murfield Drive
Ithaca, NY 14850

Katherine McClung, Esq.
BOND SCHOENECK & KING
350 Linden Oaks
3rd Floor
Rochester, NY 14625