UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH BEALL,

                Plaintiff,

v.

CORNING COMMUNITY COLLEGE,

                Defendant.

**ANSWER TO FIRST AMENDED COMPLAINT**

Index No. 6:19-cv-06548

---

Defendant Corning Community College, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appears and answers the First Amended Complaint (the "Amended Complaint") as follows:

1. ADMITS that in her Amended Complaint, Plaintiff seeks monetary damages and asserts purported claims under the Equal Pay Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law, but otherwise DENIES the truth of the factual allegations contained in Paragraph 1 of the Amended Complaint.

2. ADMITS that in her Amended Complaint, Plaintiff states that this Court has subject matter jurisdiction over this case under a series of statutes, but DENIES the truth of the factual allegations contained in Paragraph 2 of the Amended Complaint and respectfully refers all questions of law to the Court.

3. DENIES the truth of the factual allegations contained in Paragraph 3 of the Amended Complaint and respectfully refers all questions of law to the Court.

4. ADMITS that Defendant operates in this District and that Plaintiff worked at Defendant in this District, but DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 regarding the location of

Plaintiff's current residence, DENIES the truth of any other factual allegations contained in Paragraph 4, and respectfully refers all questions of law to the Court.

5. ADMITS that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") in or around March or April 2019 and that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2019, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 5, and respectfully refers all questions of law to the Court.

6. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6 regarding the location of Plaintiff's current residence, ADMITS that Plaintiff currently works at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 6 of the Amended Complaint and respectfully refers all questions of law to the Court.

7. ADMITS the truth of the factual allegations contained in Paragraph 7 of the Amended Complaint.

8. In response to paragraph 8 of the Amended Complaint, ADMITS that at least 15 individuals have worked at Defendant and that Defendant has conducted business in the State of New York and the County of Steuben during all time frames referenced in the Amended Complaint, but otherwise respectfully refers all questions of law to the Court.

9. ADMITS that Plaintiff works at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 9 of the Amended Complaint and respectfully refers all questions of law to the Court.

10. Upon information and belief, ADMITS the truth of the factual allegations contained in Paragraph 10 of the Amended Complaint.

11. In response to paragraph 11 of the Amended Complaint, ADMITS that Plaintiff was hired as an instructor at the College.

12. ADMITS the truth of the factual allegations contained in Paragraph 12 of the Amended Complaint.

13. ADMITS the truth of the factual allegations contained in Paragraph 13 of the Amended Complaint.

14. DENIES the truth of the factual allegations contained in Paragraph 14 of the Amended Complaint.

15. ADMITS that Plaintiff represented to the Defendant that she holds a master's degree in counseling psychology and is a nationally certified counselor and that she received the 2017 SUNY Chancellor's Award in Professional Services, but otherwise DENIES the truth of the factual allegations contained in Paragraph 15 of the Amended Complaint.

16. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 16 regarding when Plaintiff acquired certain knowledge or opinions.

17. ADMITS that Plaintiff spoke to other employees at Defendant about the level of her compensation in 2017 and in 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 17 of the Amended Complaint and respectfully refers all questions of law to the Court.

18. ADMITS that Defendant increased Plaintiff's salary to $89,758 effective April 29, 2017, ADMITS that the Personnel Committee issued a resolution for this increase, which speaks for itself, but otherwise DENIES the truth of the factual allegations contained in

Paragraph 18 of the Amended Complaint and respectfully refers all questions of law to the Court.

19. ADMITS that Plaintiff contacted Katherine Douglas, Leon Fisher and Connie Park regarding her compensation level in October 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 19 of the Amended Complaint and respectfully refers all questions of law to the Court.

20. ADMITS that during the prior academic year, Defendant had four Associate Dean positions, which were held by Deborah Beall, Jacquelyn VanBrunt, Byron Shaw and Brad Cole, but otherwise DENIES the truth of the factual allegations contained in Paragraph 20 of the Amended Complaint and respectfully refers all questions of law to the Court.

21. ADMITS the truth of the factual allegations contained in Paragraph 21 of the Amended Complaint.

22. ADMITS that Male AD #1 received an annual salary of $137,008 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 22 of the Amended Complaint.

23. In response to paragraph 23 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

24. In response to paragraph 24 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

25. ADMITS that Male AD #2 received an annual salary of $115,628 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 25 of the Amended Complaint.

26. In response to paragraph 26 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

27. In response to paragraph 27 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

28. ADMITS that Jacquelyn VanBrunt received an annual salary of $84,487 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 28 of the Amended Complaint.

29. In response to paragraph 29 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

30. In response to paragraph 30 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

31. In response to paragraph 31 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

32. In response to paragraph 32 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

33. DENIES the truth of the factual allegations contained in Paragraph 33 of the Amended Complaint and respectfully refers all questions of law to the Court.

34. DENIES the truth of the factual allegations contained in Paragraph 34 of the Amended Complaint and respectfully refers all questions of law to the Court.

35. ADMITS that the Associate Deans each report directly to the College's Provost, but otherwise DENIES the truth of the factual allegations contained in Paragraph 35 of the Amended Complaint.

36. ADMITS that Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math, but otherwise DENIES the truth of the factual allegations contained in Paragraph 36 of the Amended Complaint.

37. ADMITS that Male AD #2 is the Associate Dean for Humanities and Social Sciences, but otherwise DENIES the truth of the factual allegations contained in Paragraph 37 of the Amended Complaint.

38. ADMITS that Plaintiff is the Associate Dean for Professional Studies, but otherwise DENIES the truth of the factual allegations contained in Paragraph 38 of the Amended Complaint.

39. ADMITS that at the time of her resignation, Jacquelyn VanBrunt was the Associate Dean for Student Development and Enrollment Management, but otherwise DENIES the truth of the factual allegations contained in Paragraph 39 of the Amended Complaint.

40. ADMITS that the Associate Dean of Instruction, the Associate Dean, Administrative Services, and Associate Dean, Enrollment Management were listed in Pay Grade 209 under Defendant's Compensation Structures and Pay Procedures, but otherwise DENIES the truth of the factual allegations contained in Paragraph 40 of the Amended Complaint.

41. ADMITS that the Class Min for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018 was $64,925 and the Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018 was $108,207, but otherwise DENIES the truth of the factual allegations contained in Paragraph 41 of the Amended Complaint.

42. ADMITS that Jacquelyn VanBrunt and Plaintiff's salaries from September 2018 fall between the Class Min and Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 42 of the Amended Complaint.

43. ADMITS that the salaries for Male AD #1 and #2 as of September 2018 were higher than the Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 43 of the Amended Complaint.

44. ADMITS that Deborah Beall spoke with other employees at Defendant about the level of her compensation in Fall 2018, ADMITS that some of her communications were e-mailed to the President and Executive Director of Human Resources, and otherwise DENIES the truth of the factual allegations contained in Paragraph 44 of the Amended Complaint.

45. DENIES the truth of the factual allegations contained in Paragraph 45 of the Amended Complaint and respectfully refers all questions of law to the Court.

46. ADMITS that Plaintiff filed a Charge with the EEOC in or around March or April 2019, a document which speaks for itself, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 46, and respectfully refers all questions of law to the Court.

47. ADMITS that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2019, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 47, and respectfully refers all questions of law to the Court.

48. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 48 of the Amended Complaint.

49. DENIES the truth of the factual allegations contained in Paragraph 49 of the Amended Complaint, and respectfully refers all questions of law to the Court.

50. DENIES the truth of the factual allegations contained in Paragraph 50 of the Amended Complaint, and respectfully refers all questions of law to the Court.

51. DENIES the truth of the factual allegations contained in Paragraph 51 of the Amended Complaint, and respectfully refers all questions of law to the Court.

52. DENIES the truth of the factual allegations contained in Paragraph 52 of the Amended Complaint, and respectfully refers all questions of law to the Court.

53. DENIES the truth of the factual allegations contained in Paragraph 53 of the Amended Complaint, and respectfully refers all questions of law to the Court.

54. DENIES the truth of the factual allegations contained in Paragraph 54 of the Amended Complaint, and respectfully refers all questions of law to the Court.

55. DENIES the truth of the factual allegations contained in Paragraph 55 of the Amended Complaint, and respectfully refers all questions of law to the Court.

56. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 56 of the Amended Complaint.

57. DENIES the truth of the factual allegations contained in Paragraph 57 of the Amended Complaint, and respectfully refers all questions of law to the Court.

58. DENIES the truth of the factual allegations contained in Paragraph 58 of the Amended Complaint, and respectfully refers all questions of law to the Court.

59. DENIES the truth of the factual allegations contained in Paragraph 59 of the Amended Complaint, and respectfully refers all questions of law to the Court.

60. DENIES the truth of the factual allegations contained in Paragraph 60 of the Amended Complaint, and respectfully refers all questions of law to the Court.

61. DENIES the truth of the factual allegations contained in Paragraph 61 of the Amended Complaint, and respectfully refers all questions of law to the Court.

62. DENIES the truth of the factual allegations contained in Paragraph 62 of the Amended Complaint, and respectfully refers all questions of law to the Court.

63. DENIES the truth of the factual allegations contained in Paragraph 63 of the Amended Complaint, and respectfully refers all questions of law to the Court.

64. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 64 of the Amended Complaint.

65. DENIES the truth of the factual allegations contained in Paragraph 65 of the Amended Complaint, and respectfully refers all questions of law to the Court.

66. DENIES the truth of the factual allegations contained in Paragraph 66 of the Amended Complaint, and respectfully refers all questions of law to the Court.

67. DENIES the truth of the factual allegations contained in Paragraph 67 of the Amended Complaint, and respectfully refers all questions of law to the Court.

68. DENIES the truth of the factual allegations contained in Paragraph 68 of the Amended Complaint, and respectfully refers all questions of law to the Court.

69. DENIES the truth of the factual allegations contained in Paragraph 69 of the Amended Complaint, and respectfully refers all questions of law to the Court.

70. DENIES the truth of the factual allegations contained in Paragraph 70 of the Amended Complaint, and respectfully refers all questions of law to the Court.

71. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 71 of the Amended Complaint.

72. DENIES the truth of the factual allegations contained in Paragraph 72 of the Amended Complaint, and respectfully refers all questions of law to the Court.

73. DENIES the truth of the factual allegations contained in Paragraph 73 of the Amended Complaint, and respectfully refers all questions of law to the Court.

74. DENIES the truth of the factual allegations contained in Paragraph 74 of the Amended Complaint, and respectfully refers all questions of law to the Court.

75. DENIES the truth of the factual allegations contained in Paragraph 75 of the Amended Complaint, and respectfully refers all questions of law to the Court.

76. DENIES the truth of the factual allegations contained in Paragraph 76 of the Amended Complaint, and respectfully refers all questions of law to the Court.

77. DENIES the truth of the factual allegations contained in Paragraph 77 of the Amended Complaint, and respectfully refers all questions of law to the Court.

78. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 78 of the Amended Complaint.

79. ADMITS that Plaintiff spoke to other employees at Defendant about the level of her compensation, but otherwise DENIES the truth of the factual allegations contained in Paragraph 79 of the Amended Complaint and respectfully refers all questions of law to the Court.

80. DENIES the truth of the factual allegations contained in Paragraph 80 of the Amended Complaint, and respectfully refers all questions of law to the Court.

81. DENIES the truth of the factual allegations contained in Paragraph 81 of the Amended Complaint, and respectfully refers all questions of law to the Court.

82. DENIES the truth of the factual allegations contained in Paragraph 82 of the Amended Complaint, and respectfully refers all questions of law to the Court.

83. DENIES the truth of the factual allegations contained in Paragraph 83 of the Amended Complaint, and respectfully refers all questions of law to the Court.

84. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 84 of the Amended Complaint.

85. ADMITS that Plaintiff spoke to other employees at Defendant about the level of her compensation, but otherwise DENIES the truth of the factual allegations contained in Paragraph 85 of the Amended Complaint and respectfully refers all questions of law to the Court.

86. DENIES the truth of the factual allegations contained in Paragraph 86 of the Amended Complaint.

87. DENIES the truth of the factual allegations contained in Paragraph 87 of the Amended Complaint.

88. DENIES the truth of the factual allegations contained in Paragraph 88 of the Amended Complaint.

89. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 89 of the Amended Complaint.

90. ADMITS that Plaintiff spoke to other employees at Defendant about the level of her compensation, but otherwise DENIES the truth of the factual allegations contained in Paragraph 90 of the Amended Complaint and respectfully refers all questions of law to the Court.

91. DENIES the truth of the factual allegations contained in Paragraph 91 of the Amended Complaint.

92. DENIES the truth of the factual allegations contained in Paragraph 92 of the Amended Complaint.

93. DENIES the truth of the factual allegations contained in Paragraph 93 of the Amended Complaint.

94. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 94 of the Amended Complaint.

95. ADMITS that Plaintiff spoke to other employees at Defendant about the level of her compensation, but otherwise DENIES the truth of the factual allegations contained in

Paragraph 95 of the Amended Complaint and respectfully refers all questions of law to the Court.

96. DENIES the truth of the factual allegations contained in Paragraph 96 of the Amended Complaint.

97. DENIES the truth of the factual allegations contained in Paragraph 97 of the Amended Complaint.

98. DENIES the truth of the factual allegations contained in Paragraph 98 of the Amended Complaint.

99. DENIES the truth of the factual allegations contained in Paragraph 99 of the Amended Complaint.

100. DENIES that Plaintiff is entitled to any of the relief demanded in the Amended Complaint.

101. DENIES each and every allegation not specifically and expressly admitted herein to be true.

## FIRST DEFENSE

The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against Defendant.

## SECOND DEFENSE

Defendant did not and is not violating – willfully other otherwise – the Equal Pay Act, the New York Achieve Pay Equity Act, the New York Labor Law, Title VII of the Civil Rights Act, or the New York Human Rights Law.

### THIRD DEFENSE

Defendant has acted in a good faith belief that it had been and is complying with all applicable provisions of the Equal Pay Act, the New York Achieve Pay Equity Act, New York Labor Law, Title VII of the Civil Rights Act, and the New York Human Rights Law.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Any differential in pay between Plaintiff and Male AD #1 and #2 was based on a seniority system, a merit system, a system that measures quantity or quality of production, a bona fide factor other than sex, and/or a factor other than sex.

### SIXTH DEFENSE

Any differential in pay between Plaintiff and Male AD #1 and #2 was not based on sex.

### SEVENTH DEFENSE

Plaintiff did not perform equal work requiring equal skill, effort and responsibility as Male AD #1 and #2.

### EIGHTH DEFENSE

Plaintiff did not perform her job under similar working conditions as Male AD #1 and #2.

### NINTH DEFENSE

Plaintiff's demand for a jury trial is improper to the extent it seeks a jury trial of any issues not properly submitted to a jury.

### TENTH DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel, laches, and/or unclean hands.

**ELEVENTH DEFENSE**

Plaintiff has not been subject to any adverse employment actions.

**TWELFTH DEFENSE**

Defendant has not taken any adverse employment actions against Plaintiff in connection with any alleged protected activity.

**THIRTEENTH DEFENSE**

Plaintiff has not engaged in any protected activity.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred to the extent they must be brought in arbitration and cannot be brought in this or any other court.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend or further plead any other defenses applicable to any and all counts.

**WHEREFORE**, Defendant respectfully requests that the Amended Complaint be dismissed in its entirety with prejudice, with Defendant's recovering its expenses incurred herein, including costs and attorneys' fees to the extent legally permitted, and any such other relief this Court deems just and proper.

DATED:  November 6, 2019	BOND, SCHOENECK & KING, PLLC

      /s/ Katherine S. McClung
By:	Katherine S. McClung
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  585.362.4700
*Attorneys for the Defendant*

3448346.2